14110:PMC:pmc

FILED
11/12/2020 11:44 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL 41535
20205004904

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, MUNICIPAL DIVISION - FIFTH DISTRICT

CATHERINE GRIFFIN,

  Plaintiff,

vs.

WALMART INC., a foreign corporation,

  Defendant.

No. 20205004904

Amount: In Excess of FIFTY THOUSAND ($50,000.00) DOLLARs, Plus Cost of Suit

## COMPLAINT

NOW COMES Plaintiff, CATHERINE GRIFFIN, by and through her attorneys, VRDOLYAK LAW GROUP, LLC, complaining of defendant, WALMART INC., and states as follows:

### COUNT I – CATHERINE GRIFFIN vs. WALMART INC.

*(Premises Liability)*

1. That on December 29, 2018, and all relevant times herein, Defendant WALMART INC., was a foreign corporation organized and licensed to do business under the laws of the state of Illinois.

2. That on August 10, 2018, and at all relevant times herein, the Defendant WALMART STORES, INC., d/b/a WALMART STORES, INC., WALMART STORE 3004, did own, operate, maintain, manage and control a certain property, located at or near 10260 S. Harlem Avenue, in the Village of Bridgeview, Cook County, Illinois, hereinafter "Premises."

3. That at the aforesaid time and place, and at all relevant times herein, the Defendant made said premises available to Plaintiff and said property was, in fact, used by Plaintiff.

Exhibit A

4. That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, CATHERINE GRIFFIN to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

5. That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of said premises owned by the Defendant.

6. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

7. That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she did suffer injuries in or at said premises due to a defective condition on the premises thereon consequential to the negligence of the Defendant, WALMART INC., to wit: negligently maintained floors/carpet runner(s) which as a result thereof caused plaintiff to trip and fall, causing her injuries.

8. That the aforesaid unreasonably dangerous condition was present at said Premises consequential to the negligence of the Defendant as hereinafter set forth.

9. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there in the exercise of due care and caution.

10. That at the aforesaid time and place, and at all relevant times herein, the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, the Defendant, had either actual or constructive notice that its failure to either remove or repair the aforesaid, unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, the Defendant, owed a duty to the Plaintiff, CATHERINE GRIFFIN, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, refraining from a

negligent standard of care in the maintenance of said Premises in order to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition;

13. That at the aforesaid time and place, the Defendant, WALMART INC, breached its duty to the Plaintiff by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

    a. negligently maintained floor/carpet runners(s), causing plaintiff to trip and fall, injuring her person;

    b. failure to warn Plaintiff of aforesaid unreasonably dangerous condition;

    c. permitted and allowed aforesaid unreasonably dangerous condition to remain in place;

    d. negligently failed to remedy or repair said premises;

    e. maintained said premises in a defective condition;

    f. caused or created and allowed aforesaid unreasonably dangerous condition to remain at the premises through Defendants negligence.

14. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, WALMART INC., Plaintiff, CATHERINE GRIFFIN, suffered injuries and damages of a personal pecuniary and permanent nature.



WHEREFORE, Plaintiff CATHERINE GRIFFIN, demands judgment against Defendant, WALMART INC., for an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus cost of suit.

_____
Attorney for Plaintiff

**VRDOLYAK LAW GROUP, LLC.,**
Patrick M. Crowley
Attorney for Plaintiff
100 N. Riverside Plaza
Chicago, Illinois 60606
(312) 482 8200

* 5 0 0 4 2 0 6 2 *

14110:PMC:pmc                                                41535

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, MUNICIPAL DIVISION - FIFTH DISTRICT

CATHERINE GRIFFIN,         )
                                )
     Plaintiff,               )     No.
                                )
vs.                             )
                                )     Amount: In Excess of FIFTY THOUSAND
                                )     ($50,000.00) DOLLARs, Plus Cost of Suit.
WALMART INC., a foreign corporation, )
                                )
     Defendant.            )

### AFFIDAVIT PURSUANT TO RULE 222(b)

I, Patrick M. Crowley, attorney for the Plaintiff, CATHERINE GRIFFIN, state that the damages sought in this matter are greater than Fifty Thousand ($50,000.00) Dollars.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

                                                                                       Attorney for Plaintiff

THE VRDOLYAK LAW GROUP, LLC
Attorney No: 41535
By: Patrick M. Crowley
100 N Riverside Plaza, Suite 2400
Chicago, IL 60606
(312) 482-8200